IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATHMARK STORES, INC., | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GATOR MONUMENT PARTNERS, LLP, | : | |
| Defendant | : | NO. 08-3082 |

## MEMORANDUM

Pratter, J.                                                                                                             August 21, 2009

Defendant Gator Monument Partners, LLP ("Gator") filed a Motion to Compel Production of Documents and for Leave to Serve Subpoenas and Conduct Depositions of Nonparty Witnesses on July 8, 2009. Plaintiff Pathmark Stores, Inc. ("Pathmark") opposes the Motion. In the Motion, Gator made four requests: (1) discovery from Pathmark's former landlords relating to Pathmark's payment of Basic Rent; (2) ongoing discovery about sublease revenue; (3) copies of Pathmark's insurance policies; and (4) discovery from Bank of America relating to an alleged pledge of the relevant lease. The Court held a telephone conference to discuss this Motion on August 19, 2009. For the reasons set forth below, the Court denies Gator's Motion as untimely.

The Federal Rules of Civil Procedure construe discovery broadly and contain no deadline for the filing of a motion to compel. However, "district courts have broad discretion to manage

discovery." Flynn v. Health Advocate, Inc., No. 03-3764, 2005 U.S. Dist. LEXIS 1704, at *26 (E.D. Pa. Feb. 8, 2005) (citations omitted). See also Fed. R. Civ. P. 37. Accordingly, a court may find a motion to compel untimely for any number of reasons. Here, Gator's Motion is untimely for three reasons: (1) the Court provided ample opportunity for discovery; (2) Gator should have been aware of any insufficiencies in Pathmark's submissions long before filing this Motion; and (3) Gator filed a Motion for Partial Summary Judgment six weeks before filing the Motion to Compel. See Celgene Corp. v. Centocor, Inc., No. 03-5978, 2006 U.S. Dist. LEXIS 4763 (E.D. Pa. Feb. 8, 2006) (denying a motion to compel for three similar reasons).

First, the Court provided ample time for the parties to conduct discovery in this case.[1] Gator's Motion to Compel still was filed almost *five months* after the expiration of the amended discovery deadline.[2] See Flynn, 2005 U.S. Dist. LEXIS 1704, at *26-29 (finding untimely a motion to compel filed less than three months after the expiration of the discovery deadline);

---

[1] The Court set an initial fact discovery deadline of January 16, 2009 and an expert discovery deadline of March 15, 2009 (Doc. No. 14). Three months later, the Court granted Gator's Motion for Extension of Discovery Deadlines and extended the fact discovery deadline to February 16, 2009 and the expert discovery deadline to April 15, 2009 (Doc. No. 18). After one month, Gator filed a Motion to Compel (Doc. No. 19) and a Motion to Extend Expert Report Deadlines (Doc. No. 20). The Court repeatedly set and reset hearings on the Motions based on the parties' indication that they were attempting to resolve the underlying issues without further involving the Court. After receiving correspondence from defense counsel indicating that the underlying issues regarding experts had been resolved by stipulation, the Court mooted Gator's Motion to Extend Expert Report Deadlines on March 24, 2009 (Doc. No. 24). Six days later, Gator informed the Court that the issues underlying the second Motion to Compel also had been resolved, so the Court mooted that motion as well (Doc. No. 31). On April 24, 2009, the parties filed cross motions for summary judgment (Doc. Nos. 29, 30). More than six weeks later, Gator filed the pending Motion to Compel (Doc. No. 41).

[2] Although Gator sought an extension of the discovery deadline ten days after its expiration, see Doc. No. 20, Gator informed the Court the following month that such an extension was unnecessary. Gator sought no further extensions, even after receiving Pathmark's additional disclosures in March.

Celegene, 2006 U.S. Dist. LEXIS 4763, at *1-3 (denying as untimely a motion to compel filed four months after the discovery deadline).

Second, the Court finds that Gator should have been aware of any alleged deficiencies in Pathmark's filings months before the filing of the pending Motion to Compel. According to Gator, Pathmark produced 3,909 pages of documents on March 24, 2009 in response to an earlier motion to compel, and Gator now alleges that this production was insufficient. Motion at 2. However, in focusing only on Pathmark's alleged production failures, Gator has provided the Court with no explanation as to why any such deficiencies were not discovered and addressed through a motion to compel until July. The volume of Pathmark's additional disclosures does not excuse the significant delay in discovering and challenging any alleged deficiencies. Celgene, 2006 U.S. Dist. LEXIS 4763, at *3-4 (holding that delay in reviewing a "tremendous volume of documents" produced by the opposing party did not justify an untimely motion to compel).

Third, despite now arguing that the documents it seeks are necessary for the proper adjudication of this case, Gator filed a Motion for Partial Summary Judgment on April 24, 2009[3] (Doc. No. 30), six weeks prior to filings the Motion at issue today. See Celegene, 2006 U.S. Dist. LEXIS 4763, at *5 (denying a motion to compel in part because the moving party filed a motion for summary judgment prior to resolution of the motion to compel and without seeking suspension of the deadline for dispositive motions). "At some point, discovery in this case – as in any other case – must end." Koresko v. Bleiweis, No. 04-769, 2005 U.S. Dist. LEXIS 10892,

---

[3] The Court notes that Gator never requested an extension of the deadline for filing dispositive motions.

3

at *3 (E.D. Pa. June 1, 2005). As stated by Pathmark, the filing of a motion for summary judgment "is a clear indication that the moving party considered the discovery record both adequate and closed." Response at 17.

For the foregoing reasons, Gator's Motion to Compel is denied as untimely.[4] An appropriate Order will follow.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4] Although the Court is denying Gator's Motion, during the August 19, 2009 telephone conference, the parties reached an agreement on certain issues in the Motion. Pathmark agreed to supplement disclosures concerning sublease revenue and to provide Gator with a current certificate of insurance. Gator indicated that it intends to seek discovery from the Bank of America through a third-party subpoena and agreed to send a copy of any such subpoena to Pathmark.

The Court will memorialize these agreements in the related Order.